## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **CARLOS JAVIER HERNANDEZ,** § | |
| **#2215690,** § | |
| **PETITIONER,** § | |
| § | |
| **V.** § | **CIVIL CASE NO. 3:22-CV-1326-S-BK** |
| § | |
| **DIRECTOR, TDCJ-CID,** § | |
| **RESPONDENT.** § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Carlos Javier Hernandez's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. For the reasons outlined here, the petition should be **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations.[1]

### I. BACKGROUND

Hernandez was indicted for the offense of continuous sexual abuse of a young child. *State v. Hernandez*, No. F1748267 (Crim. Dist. Ct. No. Three, Dallas Cnty., Tex., July 31, 2018).[2] As recounted by his post-conviction counsel, Allan Fishburn, in the memorandum in support of his state habeas application, Hernandez pled not guilty, exercised his right to a jury

---

[1] *See* Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

[2] The state trial court's docket sheet is available by entering the case number (F1748267) at https://www.dallascounty.org/services/public-access.php (last accessed on Mar. 22, 2023).

trial, and elected for the trial court to set punishment.  Before jury selection, Hernandez also rejected a 25-year plea offer but then surprised everyone by entering a guilty plea to the indicted offense after the jury was selected and sworn.  Thus, the trial court called the case and, after both sides rested, instructed the jury to return a verdict of guilty.  The case then proceeded to the punishment phase and the court assessed a 50-year sentence.  *See Ex parte Hernandez*, No. W1748267A, Mem. in Supp. of Appl. for Writ of Habeas Corpus, filed Dec. 13, 2021.[3]

Hernandez's trial counsel, Gilbert Medina, moved for new trial on July 31, 2018, the same day of the judgment, but did not file a timely notice of appeal.  Over a year later, on October 17, 2019, Fishburn (Hernandez's newly retained counsel) filed a notice of appeal and moved for an out-of-time appeal in the Fifth District Court of Appeals, in Dallas.  *Hernandez v. State*, No. 05-19-01265-CR, 2019 WL 5541264, at *1 (Tex. App.—Dallas Oct. 28, 2019, no pet.).  The motion relied on Medina's affidavit, which attested that (1) Medina had presented Hernandez with a notice of appeal right after sentencing and Hernandez signed it, and (2) although Medina placed the signed notice of appeal in the clerk's basket for filing, it was never filed.  *Id.*, Mot. for Out-of-Time Appeal and Aff. at 1-2.

The state court of appeals dismissed the untimely appeal for want of jurisdiction, noting that "[t]o the extent appellant seeks an out of time appeal, he raises his complaint in the improper forum" and that "[t]o be entitled to an out-of-time appeal, the defendant must file an application for a writ of habeas corpus with the clerk of the convicting court."  *Hernandez*, 2019 WL 5541264, at *1.  Hernandez did not pursue the matter in the trial court, but instead unsuccessfully sought state habeas relief on December 10, 2021, with Fishburn's assistance, challenging the

---

[3] The trial court state habeas docket sheet it available by entering the case number (W1748267A) at https://www.dallascounty.org/services/public-access.php (last accessed on Mar. 22, 2023).

sentencing scheme. *Ex parte Hernandez*, No. WR-93,510-01 (Tex. Crim. App. Mar. 30, 2022) (denying relief without written order).[4]  Finally, on June 16, 2022, Hernandez filed the *pro se* federal habeas petition in this case. Doc. 1.  He alleges ineffective assistance of counsel and challenges the jury instructions, a purported violation of his Fifth Amendment right to remain silent, and the sufficiency of the evidence. Doc. 1 at 6-9.[5]

As his federal petition appeared untimely, the Court directed Hernandez to respond regarding the application of the one-year limitations period, which he has since done. Doc. 10; Doc. 12.  Having now reviewed all applicable pleadings, the Court concludes that Hernandez's federal habeas petition was filed well after the expiration of the one-year limitations period.  And because no exception applies, it should be dismissed as time barred.

**II. ANALYSIS**

**A.  One-Year Statute of Limitations and Statutory Tolling**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte* after providing notice and an opportunity to respond. *See* 28 U.S.C. § 2244(d); *Day v. McDonough*, 547 U.S. 198, 209-10 (2006).  Hernandez does not allege any facts that could trigger a starting date under § 2244(d)(1)(B)-(D), so the one-year limitations period began to run from the date his judgment of conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitations period shall run from . . . the date on which the judgment

---

[4] The docket sheet is available at https://search.txcourts.gov/Case.aspx?cn=WR-93,510-01&coa=coscca (last accessed on Mar. 22, 2023).

[5] The federal petition was initially filed in the Southern District of Texas and then transferred to this Court. Doc. 3.

became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). In addition, the one-year period is statutorily tolled for the time that a properly filed application for state collateral relief is pending. 28 U.S.C. § 2244(d)(2).

Hernandez was sentenced on July 31, 2018, and the deadline for filing a notice of appeal was 30 days later. *See* TEX. R. APP. P. 26.2(a)(1). However, on October 17, 2019, more than 14 months after conviction, he filed a notice of appeal and motion for an out-of-time appeal but the appeal was dismissed for lack of jurisdiction as it was untimely. *Hernandez v. State*, 2019 WL 5541264, at *1. Thus, Hernandez's state conviction became final for purposes of § 2244(d)(1)(A) on August 30, 2018, 30 days after entry of the July 31, 2018 judgment. *Cf. United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008) (where the notice of appeal was untimely, the judgment became final when the time to appeal expired); *Pete v. Director, TDCJ-CID*, No. 3:21-CV-1849-B-BK, 2022 WL 802549, at *2 (N.D. Tex. Feb. 22, 2022), *R. & R. adopted*, 2022 WL 912894 (N.D. Tex. Mar. 29, 2022) (collecting cases finding dismissal of untimely direct appeal for lack of jurisdiction did not count in determining finality of conviction under § 2244(d)(1)(A)).

The limitations period under § 2244(d)(1)(A) expired one year later on August 30, 2019. Moreover, Hernandez is not entitled to statutory tolling, since he did not file his state application until December 10, 2021—more than 2 years after the limitations period expired.[6] *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Consequently, the petition

---

[6] The "mailbox rule" is inapplicable because Hernandez's state application was filed by his retained counsel. *See Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (declining to apply mailbox rule to prisoners represented by counsel).

*sub judice*, deemed filed on June 10, 2022, is clearly outside the one-year limitations period absent equitable tolling.[7]

### B. Equitable Tolling

Hernandez's filings, even when liberally construed based on his *pro se* status, do not evince due diligence and "rare and exceptional circumstances" warranting equitable tolling. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is appropriate only where the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quotations and citations omitted). Notably, "the extraordinary circumstances . . . must result from external factors beyond [the petitioner's] control; delays of the petitioner's own making do not qualify." *Jones v. Lumpkin*, 22 F.4th 486, 490 (5th Cir. 2022) (quotations and citations omitted). Moreover, equitable tolling is an extraordinary remedy limited to "rare and exceptional circumstances." *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000). Unexplained delays do not equate to due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("Equity is not intended for those who sleep on their rights." (quotation and quoted case omitted)).

The Court notes that Hernandez did not pursue "the process with diligence and alacrity." *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000). As previously explained here, he squandered the entire one-year period. Hernandez did not diligently seek habeas relief, waiting instead over two years after his conviction became final to file his state habeas application. And

---

[7] The federal petition is deemed filed on June 10, 2022, the date Hernandez certifies placing it in the prison mail system. Doc. 1 at 12; *see* Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applies when inmates use the prison's internal mailing system).

while Hernandez placed his federal petition in the prison mailbox just over two months after the denial of his state habeas application, as mentioned previously, he was not entitled to tolling during the pendency of his state petition, so this was simply too late. These extended periods of inactivity clearly indicate a lack of due diligence, and Hernandez only offers conclusory reasons to excuse his delays. *See, e.g.,* Doc. 10 at 1 (asserting delays were not intentional). Again, unexplained delays or delays of the petitioner's own making establish neither due diligence nor rare and extraordinary circumstances. *See Fisher*, 174 F.3d at 715.

Additionally, Hernandez's remaining arguments in favor of equitable tolling are unpersuasive:

> My family had decided to hire a lawyer, the cost was somewhere around $27,000.00. The petitioner took the lawyer's advise [sic] in letting him handle the case, he states "he was going to wait a while, before filing in Federal Court, and that he was going to skip the rest" after talking to some inmates, their opinion was that the attorney was taking petitioner and family for a ride.
>
> Petitioner waited for appeal or to hear from the attorney, even after writing letters (petitioner used carbon paper, for copies) there still was no response, the appeal was done but the lawyer waited a year to do the Article 11.07, then never attempted to file the § 2254.

Doc. 10 at 1.

In his supplemental response, Hernandez adds that "'no, motion for New Trial,' [was] ever filed, [and that] this was 'abandonment by counsel' within the first 30 days after the 'District Court's sentencing and conviction." Doc. 12 at 1. He also cites state court cases holding that a defendant has a right to counsel during the 30-day period for moving for new trial, as it was a critical stage of the criminal proceedings. Doc. 12 at 2. Hernandez's arguments are unavailing.

First, Hernandez' assertions of ineffective assistance of counsel by Medina during the 30-day period for filing a motion for new trial and a notice of appeal have no bearing on equitable tolling because the alleged deficiencies necessarily preceded the beginning of the one-year limitations period. See *Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir. 2000) (ineffective assistance of counsel on appeal is not relevant to equitable tolling).

Second, any alleged ineffective assistance by Fishburn during the post-conviction proceedings—the out-of-time appeal and state habeas—do not constitute the kind of egregious behavior that excuses Hernandez's failure to timely assert his habeas rights. Equitable tolling applies mainly where a petitioner is actively misled by his attorney or someone else. See *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013) (citations omitted); *Williams v. Thaler*, 400 F. App'x 886, 892 (5th Cir. 2010). "[I]neffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction proceedings." *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008).

Importantly, Hernandez does not contend that any misrepresentation by or misinformation received from Fishburn contributed to the lapse of the one-year statute of limitations before filing. Cf. *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for equitable tolling); *Jimenez v. Butcher*, 839 Fed. Appx. 918, 920 (5th Cir. 2021) ("[C]ombined deception and tardiness of counsel constitute[d] extraordinary circumstances, which, considered together, resulted in [the petitioner] missing the time target of the limitations period."); *Vineyard v. Dretke,* 125 Fed. Appx. 551, 553 (5th Cir. 2005) (equitable tolling is warranted when an attorney affirmatively misinforms his client and causes him to miss the limitations period). Instead, Hernandez states that he followed Fishburn's advice to "let[] him handle the case," and that Fishburn told him that "he was going to

Page **7** of **10**

wait a while, before filing in Federal Court[.]" Doc. 10 at 1. Hernandez's bare assertions do not establish the type of egregious behavior of counsel that prevented him, in some extraordinary way, from timely asserting his rights.

Further, Hernandez's argument that the one-year period began on March 30, 2022—when the TCCA denied his state habeas application—is baseless. Doc. 1 at 11. Again, the AEDPA one-year period commences upon the conclusion of direct review of a judgment of conviction or upon the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). The running of the limitations period is simply suspended if state post-conviction proceedings are pending in any state court. 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction . . . is pending shall not be counted toward any period of limitation under this subsection"). *See also Gonzalez v. Thaler*, 623 F.3d 222, 225 (5th Cir. 2010) (distinguishing the AEDPA's "tolling provision, § 2244(d)(2)" from its "triggering provision, § 2244(d)(1)"). As reiterated, that was not the case here.

Hernandez also argues that section 2244(d) is unconstitutional because it prevents him from petitioning the government for a redress of grievances. Doc. 10 at 2 (citing U.S. Const., amend I). His argument is futile. Prisoners have a constitutional right of access to the court concerning their convictions. *Lewis v. Casey*, 518 U.S. 343, 350 (1996). The right of access to the courts, however, is limited to the initiation of a court action, and does not include the right to litigate effectively or successfully once in court. *Id.* at 354. While the limitations period may prevent some habeas petitions from succeeding, it does not prevent a prisoner from timely filing a habeas action in federal court and having a meaningful opportunity to pursue it. *Lockett v. Day*, 264 F.3d 1140, 2001 WL 822505, at *1 (5th Cir. June 20, 2001) (unpublished).

That notwithstanding, even if Hernandez relies on the Suspension Clause, his argument is foreclosed by circuit precedent. Because the one-year limitations period only alters the procedure for bringing a habeas petition, it does not unconstitutionally suspend the writ. *See Molo*, 207 F.3d at 775 (the AEDPA one-year limitations period does not violate the Suspension Clause unless it "renders the habeas remedy 'inadequate or ineffective' to test the legality of detention."); *Turner v. Johnson*, 177 F.3d 390, 392-93 (5th Cir. 1999) (same). And Hernandez does not allege, much less show, how the limitations period made the habeas remedy inadequate or ineffective for him, since nothing prevented him from filing a timely federal petition. *See Madden v. Thaler*, No. 3:10-CV-1461-B-BK, 2011 WL 2162910, at *6 (N.D. Tex. May 9, 2011) (rejecting Suspension Clause argument), *R. & R. adopted*, 2011 WL 2164154 (N.D. Tex. June 2, 2011), *aff'd*, 521 F. App'x 316 (5th Cir. 2013).

Further, while the one-year limitations period might raise serious constitutional questions where it forecloses the opportunity for habeas relief for one who is actually innocent of the crime for which he was convicted, Hernandez does not allege an actual innocence claim. *See McQuiggin v. Perkins*, 569 US 383, 386 (2013) (actual innocence may provide "a gateway through which a petitioner may pass" when the limitations period has elapsed, but that "tenable actual-innocence gateway pleas are rare."); *Molo*, 207 F.3d at 775 (no factual innocence shown).

Lastly, Hernandez's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder*, 204 F.3d at 171 ("[P]roceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner*, 177 F.3d at 391-92 (neither unfamiliarity with the legal process nor lack of representation justify equitable tolling).

For the foregoing reasons, Hernandez has not met his burden to establish that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

### III. CONCLUSION

Hernandez's petition for writ of habeas corpus should be summarily **DISMISSED WITH PREJUDICE** as barred by the one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1); Rule 4(b) of the RULES GOVERNING SECTION 2254 PROCEEDINGS.

**SO RECOMMENDED** on March 24, 2023.

*[signature]*

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and where in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).